IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DANIEL W. TOWNSEND,            )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-13-322-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## OPINION AND ORDER

Plaintiff Daniel W. Townsend (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 11, 1973 and was 38 years old at the time of the ALJ's decision. Claimant completed his education through the eighth grade. Claimant has worked in the past as a roofer, bricklayer helper, warehouse person, drywall worker, and pest control worker. Claimant alleges an inability to work beginning December 1, 2007 due to limitations resulting from an electrocution injury which causes pain, neck pain, week arm and leg

muscles, low back pain, post traumatic stress disorder ("PTSD"), depression, personality disorder, and asthma.

## Procedural History

On September 8, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On August 25, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") John W. Belcher in Tulsa, Oklahoma. By decision dated September 23, 2011, the ALJ denied Claimant's requests for benefits. The Appeals Council denied review of the ALJ's decision on May 23, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) finding Claimant credible but denying the claim; and (2) failing to perform a proper determination at steps 4 and 5.

**Credibility Determination**

In his decision, the ALJ determined that Claimant suffered from the severe impairments of nerve damage due to electrocution and degenerative disc disease. (Tr. 20). He concluded Claimant retained the RFC to perform sedentary work except that he could lift/carry no more than 10 pounds occasionally and less than 10 pounds frequently, could push/pull with limitations consistent with the lifting and carrying limitations, could stand and/or walk for 2-3 hours in an 8 hour workday, could sit and/or walk for 6 hours in an 8 hour workday, could occasionally climb ladders, balance, bend, stoop, kneel, crouch, and crawl, could not climb ladders, ropes, scaffolding, and could not reach above shoulder level with his left arm. The ALJ found Claimant could do simple tasks, interact with co-workers and supervisors on a superficial basis, and have incidental contact with the general public. (Tr. 23).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of assembly worker, miscellaneous laborer, and inspector/checker, all of which the expert found existed in sufficient numbers in the national and

5

regional economies. (Tr. 30). The ALJ, therefore, concluded Claimant was not disabled. (Tr. 31).

Claimant first contends the ALJ determined him to be fully credible in his testimony as to his limitations but that he ultimately found him to be not disabled. Claimant states this is inconsistent and, therefore, reversible. Defendant counters that the ALJ's single statement of credibility is a typographical error considering the ALJ's more in depth discussion of the evidence and his conclusions as to Claimant's believability.

Normally, this Court would remand this case based upon the inconsistency in the statement made by the ALJ and his ultimate finding on disability. However, in this case, the ALJ stated "[t]he claimant is fully credible" (Tr. 28) then proceeded in considerable detail to discount Claimant's testimony of restrictions on activities of daily living, his use of illegal drugs, scepticism concerning Claimant's ability to work, discrepancies in Claimant's background, and willingness to drive without a driver's license. (Tr. 28-29). He also indicated in boilerplate language in the decision that Claimant's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 24). While this Court has repeatedly found this language to be a misstatement of the required

6

RFC evaluation, the statement is indicative of the ALJ's intentions in assessing Claimant's credibility.

Because of the context of this single sentence within the remainder of the credibility analysis, it is considered by this Court to be a patent typographical error in all probability by omitting "not" in front of "fully". Typographical errors by the ALJ have routinely been determined to represent harmless error which does not require reversal and remand. *See e.g.* Poppa v. Astrue, 569 F.3d 1167, 1172 n.5 (10th Cir. 2009); Ramsey v. Barnhart, 2004 WL 2095620, 3 (10th Cir.).

Alternatively, Claimant asserts the ALJ failed to properly assess her credibility when he found her less than credible. The ALJ cited many instances in the medical record which objectively conflicted with Claimant's subjective statements. (Tr. 23-29). This analysis is consistent with the regulations which require the evaluation of a claimant's statements in relation to the objective medical evidence. 20 C.F.R. §§ 404.1529; 416.929(c)(4).

The ALJ indicated that Claimant alleged he could not work due to low back pain while an x-ray of Claimant's lumbar spine in September of 2008 was normal. (Tr. 25). The ALJ also noted several limitations alleged by Claimant in activities of daily living which were contrary to the objective medical record. (Tr. 28-29).

It is well-established that "findings as to credibility should

be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence.

Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

This Court agrees with the ALJ's assessment of Claimant's credibility. The medical record does not fully support the level of limitation alleged by Claimant in his testimony. The ALJ did not err in his credibility evaluation.

**Step Four and Five Determinations**

Claimant asserts the ALJ failed to present all of Claimant's impairments in the hypothetical questioning of the vocational expert. Claimant specifically refers to the assessment of Dr. Sally Varghese who completed a Psychiatric Review Technique form on March 26, 2010 finding Claimant to have moderate limitations in his activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in concentration, persistence, and pace. (Tr. 536). These findings were made in connection with her paragraph "B" criteria evaluation.

While the ALJ must consider both severe and non-severe limitations in reaching his RFC determination, the fact he found mild limitations in the B criteria "does not necessarily translate to a work-related functional limitation for the purposes of the RFC

9

assessment." Beasley v. Colvin, 2013 WL 1443761, 5 (10th Cir.). Since the hypothetical questioning of the vocational expert must mirror the ALJ's RFC and the ALJ did not find the limitations Dr. Varghese found as functional limitations and include them in his RFC, this Court cannot find that the hypothetical questioning was erroneous with regard to the paragraph "B" criteria.

Claimant also suggests the ALJ erred in failing to include limitations in his ability to finger or handle in his hypothetical questioning of the vocational expert. Claimant experienced an infection of the proximal interphalangeal joint which required surgical drainage. Claimant contends this caused a decrease in his range of motion which continued postoperatively. Claimant references the medical record of Dr. Garrett Watts from December of 2010 to support this contention. However, Dr. Watts found Claimant's wound postoperatively was "healing nicely" and that Claimant "has active motion from approximately 10-70° in the PIP joint." (Tr. 730). This statement from the medical record does not support the functional limitation urged by Claimant. Simply suffering from a diagnosed condition does not translate directly to an impairment which must be included in the RFC. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g.* Coleman v. Chater, 58

F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).  Nothing in the medical record indicates that Claimant's infection in his finger which was treated caused him any further functional limitations.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE